**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **DEMETRA CARTER**, *Individually, and on behalf of herself and other similarly situated current and former employees*,<br><br>    Plaintiff,<br><br>v.<br><br>**CLEARVIEW HEALTHCARE MANAGEMENT KY, LLC, CLEARVIEW HEALTHCARE MANAGEMENT TN, LLC** *and* **COLLIERVILLE NURSING AND REHABILITATION, LLC**,<br><br>    Defendants. | **NO.** 20-2313<br><br>**FLSA Opt-In Collective Action**<br>**JURY DEMANDED** |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Named Plaintiff, Demetra Carter ("Plaintiff"), individually, and on behalf of herself and all other similarly situated Certified Nursing Assistants ("CNAs") as a class, brings this Fair Labor Standards Act ("FLSA") collective action against Clearview Healthcare Management KY, LLC, Clearview Healthcare Management TN, LLC and Collierville Nursing and Rehabilitation, LLC ("Defendants") and shows as follows:

**I.     INTRODUCTION**

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated CNAs as defined herein.

2. Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.  PARTIES

4. Defendant Clearview Healthcare Management KY, LLC is a Kentucky limited liability company, with its principal address located at 440 Sylvan Avenue (Suite 240), Englewood Cliffs, NJ 07632. It manages and oversees the operations of Collierville Nursing and Rehabilitation, LLC, d/b/a Collierville Health and Rehab Center, as well as many other nursing and rehabilitation centers throughout the United States. According to the Kentucky Secretary of State, it may be served via its Registered Agent Corporate Creations Network, Inc. at 101 North Seventh Street, Louisville Kentucky 40202.

5. Defendant Clearview Healthcare Management TN, LLC is a Tennessee limited liability company, with its principal address located at 440 Sylvan Avenue (Suite 240), Englewood Cliffs, NJ 07632. It likewise manages and oversees the operations of Collierville Nursing and Rehabilitation, LLC, d/b/a Collierville Health and Rehab Center, as well as many other nursing and rehabilitation centers. According to the Tennessee Secretary of State, it may be served via its Registered Agent Corporate Creations Network, Inc. at 205 Powell Place, Brentwood, Tennessee 37027.

6. Defendant Collierville Nursing and Rehabilitation, LLC is a Tennessee limited liability company and provides nursing and rehabilitation services to short term patients, long term residents and individuals going through rehabilitation for the Collierville, Tennessee area under the management and oversight of Clearview Healthcare Management KY, LLC and Clearview Healthcare Management TN, LLC. According to the Tennessee Secretary of State, it may be served via its Registered Agent Corporate Creations Network, Inc. at 205 Powell Place, Brentwood, Tennessee 37027.

7. Defendants are an integrated enterprise as that term is defined by 29 U.S.C. § 201(r) because their related activities which are performed through unified operations of common control are for a common business purpose.

8. Plaintiff Demetra Carter has been employed by Defendants as an hourly-paid CNA at their Collierville Health and Rehab Center within this district at all times material to this collective action. Ms. Carter's consent to join form is attached as *Exhibit A*.

### III.   JURISDICTION AND VENUE

9. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendants have done business in this district and Plaintiff was employed by and performed work for Defendants in this district during all times material to this action.

### IV.   CLASS DESCRIPTION

11. Plaintiff brings this action on behalf of herself and the following similarly situated persons as a class:

> All current and former hourly-paid Certified Nursing Assistants of Defendants during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b).  (Collectively, "the class").

### V.   COVERAGE

12. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendants, were engaged in commerce during all times material to this collective action.

16. At all times material to this action, Defendants have been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

17. At all times hereinafter mentioned, Plaintiff and those similarly situated have been "employees" of Defendants as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.    FACTUAL ALLEGATIONS

18. Defendants Clearview Healthcare Management KY, LLC and Clearview Healthcare Management, TN, LLC oversee, manage and operate nursing and rehabilitation centers throughout Tennessee and other states, including the Collierville Health and Rehab Center, owned by Defendant Collierville Nursing and Rehabilitation, LLC.

19. At all times material Defendants Clearview Healthcare Management KY, LLC and Clearview Healthcare Management TN, LLC have oversight in the implementation and

administration of the compensation plan, policy and practice applicable to Plaintiff and similarly CNAs who were employed and worked at Defendants' Collierville Health and Rehab Center in Collierville, Tennessee and at their other health and rehab centers.

20. Accordingly, Defendants Clearview Healthcare Management KY, LLC and Clearview Healthcare Management TN, LLC established and administered the pay practices of Plaintiff and similarly situated CNAs during the three years preceding the filing of this collective action.

21. Plaintiff and other similarly situated CNAs worked for Defendants in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

22. At all times material, Defendants have had a time keeping system for the purpose of recording the hours worked by Plaintiff and similarly situated CNAs, which system involved a "clocking-in" and "clocking-out" process as well as an "editing-in" and "editing-out" feature.

23. At all times material, Defendants have had a common plan, policy and practice of automatically "editing-out/deducting" a 30-minute meal period during each work shift of Plaintiff and other similarly situated CNAs, irrespective of whether they were fully relieved and/or, performed job duties, during such "edited-out/deducted" 30-minute meal periods.

24. Given the job duties and responsibilities of Plaintiff and other similarly situated CNAs, they were not fully relieved of their job duties and responsibilities and/or, performed job duties, during such "edited-out/deducted" 30-minute meal periods for which times they were not compensated at the applicable FLSA overtime compensation rates of pay by Defendants within weekly pay periods during all times material.

25. Plaintiff and those similarly situated complained to Defendants about not being compensated at the applicable FLSA overtime compensation rates of pay for such 30-minute unpaid meal periods during which times they were not fully relieved of their job duties and/or, performed job duties, within weekly pay periods during all times material to this collective action.

26. Nonetheless, Defendants failed to "edit-in" Plaintiffs and similarly situated CNAs uncompensated 30-minute meal times into their time keeping system or, otherwise compensate them for such unpaid meal times, when they were not fully relieved of their job duties and/or, performed job duties, during such unpaid meal break times.

27. Defendants did not have a plan, policy, practice that prohibited Plaintiff and similarly situated CNAs from performing job duties during such 30-minute unpaid meal breaks or a system and process by which they could be relieved of their job duties during such unpaid meal break times.

28. Defendants failed to provide Plaintiff and class members with some type log or document on which to record the time they were not relieved from their job duties, and/or performed job duties, during such 30-minute unpaid meal breaks.

29. The unpaid "edited-out/deducted" meal period claims of Plaintiff and class members are unified by a common theory of Defendants' FLSA violations.

30. Defendants were aware they were not compensating Plaintiff and class members at the applicable FLSA overtime rates of pay for such unpaid meal break times within relevant weekly pay periods at all times material.

31. Defendants' common plan, policy and practice of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime

      rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

32. Defendants' failure to compensate Plaintiff and those similarly situated for the time they performed job duties and/or, were not fully relieved of their job duties, during 30-minute unpaid meal periods was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

33. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

34. The net effect of Defendants' common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) during all times material to this collective action, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. <u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>

35. Plaintiff brings this case as a collective action on behalf of herself and class members pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

36. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

37. This action is properly maintained as a collective action because Plaintiff is similarly

situated to the members of the collective class with respect to Defendants' time keeping, pay practices and compensation plans, policies and practices.

38. Plaintiff and class members are similarly situated because their unpaid "edited-out/deducted" meal period claims are unified by a common theory of Defendants' FLSA violations.

39. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

40. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

41. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

42. Defendants knew Plaintiff and class members performed compensable work and/or, were not fully relieved of their job duties, during automatically "edited-out/deducted" 30-minute meal breaks that resulted in excess of forty (40) hours per week within weekly pay periods and required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendants operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

43. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA

  overtime requirements, which conduct caused significant damages to Plaintiff and the collective class.

44. Defendants did not have a good faith basis for their failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

45. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

46. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

47. Plaintiff estimates there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

48. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' health and rehab facilities.

49. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

### COUNT I
### (Violation of the Fair Labor Standards Act)

50. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

51. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

52. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

53. At all times material, Defendants were an "employer" of Plaintiff and each class members, as such term is defined by the FLSA.

54. Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

55. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

56. As a result of Defendants' common plan, policy and practice of automatically "editing-out/deducting" 30-minute meal break periods of Plaintiff and class members during which times they performed job duties and/or, were not fully relieved of their job duties and, its failure to compensate them for such time at the applicable FLSA overtime compensation rates of pay, as previously described, Defendants have violated the FLSA and are liable to them for such unpaid overtime compensation.

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

58. Through its actions, plans, policies and practices Defendants violated the FLSA by

regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one-and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

59. Defendants' actions were willful with reckless disregard to clearly applicable FLSA provisions.

60. Defendants' actions were not in good faith.

61. The unpaid overtime claims of Plaintiff and the class are unified by a common theory of Defendants' FLSA violations.

62. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

63. Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members FLSA statutory damages against Defendants;

b) Award Plaintiff and class members all unpaid overtime compensation against Defendants;

c) Award Plaintiff and class members for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

d) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

m) Provide further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: April 27, 2020.                    Respectfully Submitted,

                                        *s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***