# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **DEMETRA CARTER**, *Individually, and on behalf of herself and other similarly situated current and former employees*, | |
| Plaintiff, | |
| v. | **NO.** 2:20-cv-02313 |
| **CLEARVIEW HEALTHCARE MANAGEMENT KY, LLC, CLEARVIEW HEALTHCARE MANAGEMENT TN, LLC** *and* **COLLIERVILLE NURSING AND REHABILITATION, LLC**, | **FLSA Opt-In Collective Action** <br> **JURY DEMANDED** |
| Defendants. | |

## JOINT MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIMS AND INCORPORATED MEMORANDUM IN SUPPORT

The parties file this Joint Motion for Order Approving Resolution of FLSA Claims and Incorporated Memorandum in Support (the "Joint Motion"). In support of their Joint Motion, the parties respectfully state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

This case was brought under the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that Defendants failed to pay her and others all overtime compensation due. (*See generally* ECF No. 1). Defendants deny these allegations and further denies that it violated the FLSA in any respect whatsoever (*See generally* ECF No. 15).

This case was brought as a collective action, and two (2) other individuals have opted-in. However, no class has been conditionally certified, and this settlement is for the three (3) current Plaintiffs.

Defendants deny the claims asserted in this Action and make no admission whatsoever of liability, wrongdoing, or violation of the FLSA or any other statute. Defendants nevertheless desires to settle the case on the terms set forth in the Settlement Agreement for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the litigation.

Because the parties wish to avoid expending additional resources on this matter, they now jointly request that the Court enter an order approving the agreed-upon resolution of the parties. This resolution releases and resolves any and all claims relating to this matter. The parties hereby submit their proposed agreed-upon resolution to the Court. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp.3d 1024, 1026 (W.D. Tenn. 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)); *but see Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012) (Fifth Circuit holding that a private settlement of a bona fide FLSA dispute does not require court approval).[1]

### RELEASE OF CLAIMS

In exchange for the settlement payments to be made under the Settlement Agreement, Plaintiffs have agreed to dismiss this litigation with prejudice. Further, Plaintiff and the two (2)

---

[1] The Sixth Circuit has not squarely addressed the issue as to whether all bona fide FLSA settlements must be judicially approved. The Parties submit that the reasoning employed in *Martin v. Spring Break '83 Products, LLC is* compelling as both parties are represented by competent counsel and the risk of unequal bargaining power is greatly diminished. Moreover, there is no textual or statutory basis for requiring judicial approval of FLSA settlements. As such, the Parties urge the Court to adopt the reasoning of *Martin*.

Opt-In Plaintiffs, on behalf of their heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, have agreed to release and discharge Defendants (and related individuals and entities as described in the Settlement Agreement) from any and all known and unknown claims for overtime compensation, minimum wages, liquidated damages, penalties and interest under the FLSA or applicable state laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues), and other non-FLSA claims arising out of or in any way connected with their employment with Defendants.

## LAW AND ANALYSIS

Here, the Court should approve the parties' agreed-upon resolution because (1) it was negotiated and agreed upon in an adversarial context, (2) both sides are represented by experienced labor and employment attorneys, and (3) the agreed-upon resolution is a fair and reasonable compromise given the significant factual disputes in the case and the uncertainty associated with proceeding to trial. A district court, when reviewing a proposed agreed-upon resolution of FLSA claims, must scrutinize the proposal for fairness and decide whether it is a "fair and reasonable resolution of bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Eleventh Circuit set forth the following factors:

1. Was the proposed resolution achieved in an adversarial context?

2. Was the plaintiff represented by attorneys who can adequately protect her rights?

3. Does the proposed resolution reflect a fair and reasonable compromise over issues that are actually in dispute?

*See id.* at 1353-54. All three factors are satisfied here. Indeed, the resolution reached by the parties was negotiated at arms' length with both parties represented by experienced labor and

3

employment counsel who protected the rights of the parties. The parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the parties with respect to whether Plaintiff and the opt-ins are entitled to any relief under the FLSA given the significant factual disputes. Indeed, under the terms of the agreement Plaintiff is receiving over 100% of her damages.[2] Likewise, Opt-in Jackson is also receiving her full liquidated damages, and Opt-in Caldwell is also receiving significant monetary compensation. This is especially valuable compromise for Ms. Caldwell given that, during her deposition, she testified that Defendants had a mechanism to pay her for her missed meal breaks, but that she declined to utilize said device.

With the Court's approval, the parties will have resolved any and all claims and disputes between them arising out of, or in any way related to, Plaintiff's and Opt-In Plaintiff's claims under the FLSA, including attorneys' fees and costs. The parties have attached hereto as *Exhibit A* their proposed settlement agreement and release of claims.

## A BONA FIDE DISPUTE EXISTS OVER LIABILITY AND DAMAGES

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the

---

[2] Plaintiff is receiving significant, additional compensation as consideration for a general release. This release was approved for Ms. Carter by the National Labor Relations Board.

FLSA. *Id; accord, Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

A bona fide dispute clearly exists in this case that was heavily litigated by the parties. Plaintiff claims she and the opt-ins were not paid for all hours worked over forty (40) in each workweek. Plaintiff contends that she and the opt-ins are entitled to unpaid time and/or overtime for these hours worked. Defendants specifically deny these claims and further deny that Plaintiff and the Opt-in Plaintiffs are owed any additional overtime or other wages under the FLSA or any other laws. Defendants also disputes that Plaintiffs ever worked off the clock given the policies and procedures they had in place to capture all of the time actually worked by Plaintiffs and the fact that Defendants paid overtime on a regular basis.

Although the parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with full-blown litigation and discovery, the parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by Defendants in exchange for releases of claims by Plaintiffs and dismissal of this case with prejudice in order to avoid the time and expense inherent in continued litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.")

## CONCLUSION

This FLSA collective action settlement is a product of an arm's-length negotiation between the parties and their counsel, which resolves a bona fide dispute over allegedly owed overtime wages. As such, the settlement is fair and reasonable and provides Plaintiffs with significant

5

monetary relief.  Accordingly, the parties jointly and respectfully request that this Court approve the parties' settlement agreement and the distribution of the settlement amount to Plaintiffs in full as described above.  Further, Plaintiffs' Counsel request that this Court award reasonable attorneys' fees and litigation costs in the amount requested.[3]  Finally, the parties jointly request that this action be dismissed with prejudice.

For the foregoing reasons, the parties respectfully request that the Court enter an order forthwith granting their Joint Motion approving the parties' agreed-upon resolution of all of the claims asserted in this FLSA action, and dismissing this action with prejudice based upon the parties' agreement. The parties will submit to the Court's CM/ECF inbox a proposed order granting the relief sought in this Joint Motion.

---

[3] An award of attorney' fees under the FLSA "must "be reasonable under the circumstances.'" *Jackson v. Turner Holdings*, No. 2:20-cv-02018-SHM-jay, 2020 U.S. Dist. LEXIS 202818, at *3 (W.D. Tenn. Oct. 30, 2020) (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d. 513, 516 (6th Cir. 1993)). Under the terms of the proposed settlement agreement, Plaintiffs' counsel is to receive set to receive $30,000.00 in fees and expenses ($23,518.55 attributed to fees and $6,481.45 attributed to costs and expenses). As set forth more fully in the supporting memorandum of counsel, attached as *Exhibit B*, this represents only a percentage of the time counsel has invested prosecuting this case.

Dated: August 13, 2021.                    Respectfully Submitted,

*/s/ J. Russ Bryant*_____
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

ATTORNEYS FOR PLAINTIFFS

&

*/s/ C. Thomas Miller*_____
C. Thomas Miller (TN Bar No.: 037268)
300 Broadway
P.O. Box 995
Paducah, Kentucky 42002-0995
(270) 443-4516
(270) 442-8247 fax
tmiller@whitlow-law.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on August 13, 2021, a true and correct copy of the foregoing has been filed with the Clerk of the United States District Court for the Western District of Tennessee using the CM/ECF system. The Court's CM/ECF system will send an email notification of the foregoing filing to all counsel of record who are registered with the Court's CM/ECF system.

               */s/ J. Russ Bryant*_____